UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PONTELL BRYANT,<br><br>       Plaintiff,<br><br>v.<br><br>SGT. W. VESSELL, et al.,<br><br>       Defendants. | Civil No. 09-5337 (SDW)<br><br>**ORDER** |

Plaintiff submitted a civil complaint pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and it appearing that:

1. Plaintiff's original complaint and his application to proceed in forma pauperis arrived on October 19, 2009. See Docket Entry No. 1.

2. Plaintiff's application for appointment of pro bono counsel arrived on October 10, 2009. See Docket Entry No. 2.

3. Plaintiff's request to submit an amended complaint arrived on the same day. See Docket Entry No. 3. The request was accompanied by Plaintiff's proposed amended complaint. See id. The amended complaint named eight identified defendants and unidentified "John Does." Moreover, the amended complaint consisted of predominantly conclusory statements and made allegations obstructing understanding of what exactly was done (or not done), or what exactly was said (or not said) by each particular defendant, identified by an actual name or as a "John Doe."

4. It is long established that a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nonetheless, the Third Circuit has noted that courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See Burlington Coat Fact. Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Therefore, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).    Last year, addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . .

Id. at 230-34 (original brackets removed). This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.[1]

---

[1] The Supreme Court's treatment of deducements as to the defendant's "indirect involvement" warrants a separate notice. There, the Supreme Court reversed the trial court and appellate court's decisions, observing that the plaintiff must plead the facts showing that the defendants *actually partook* in the wrongful conduct. See Iqbal, 129 S. Ct. at 1944-48.

The Third Circuit observed that Iqbal provided the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was applied to federal complaints before Twombly. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, the two-part analysis when the district courts are presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [See Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.] In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

5. Moreover, Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants, and Rule 18(a), governs the joinder of claims. See Fed. R. Civ. P.

---

[2] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

18(a), 20(a)(2). Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan,

638 F. 2d 646, 650 n.5 (3d Cir. 1981), <u>overruled on other grounds by</u>, <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).  Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2).  As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

<u>George v. Smith</u>, 507 F. 3d 605, 607 (7th Cir. 2007).

6. Here, Plaintiff's amended complaint, as drafted, prevents this Court from understanding what *specific actions, non-actions or utterances* by *each particular defendant* Plaintiff wishes to allege as wrongdoings.  Similarly, the Court is prevented from understanding when these alleged wrongdoings occurred and how

these alleged wrongdoings are transactionally related to each other. Finally, the Court is prevented from understanding whether these alleged wrongdoings occurred with regard to Plaintiff personally or to other inmates (since Plaintiff refers to himself and "other Muslims").[3]

IT IS THEREFORE on this 30th day of November, 2009,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted and the Clerk shall file the amended complaint without prepayment of the filing fee; and it is further

ORDERED that the amended complaint is dismissed for failure to meet the requirements of Rulers 8, 18 and 20, without prejudice to Plaintiff's filing of a re-amended complaint complying with these requirements. Such filing should be executed within sixty days of the date of the entry of this Order;[4] and it is further

ORDERED that, if Plaintiff files a re-amended complaint within sixty days of the date of the entry of this Order, the Court will enter an order directing the Clerk to reopening this matter and will screen Plaintiff's re-amended complaint for sua sponte dismissal; and it is further

ORDERED that Plaintiff's application for pro bono counsel is denied, without prejudice, as premature; and it is further

---

[3] While the Court appreciates Plaintiff's apparent effort at reducing his allegations to legalees, Plaintiff – being a pro se litigant – is not required to state anything but facts. To the contrary, Plaintiff's legal conclusions cannot operate as a substitute for facts and will be disregarded.

[4] The Court provides Plaintiff with additional time to prepare his re-amended complaint. The Court *strongly urges* Plaintiff to utilize the pre-printed form provided to him by the Clerk together with a copy of this Order. The Court takes this opportunity to remind Plaintiff to prepare a clear and concise complaint and to state Plaintiff's facts only, i.e., to state exactly "who, when and where did/say (or did not do) what to whom."

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and upon the Warden of Plaintiff's place of confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the New Jersey Department of Corrections shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is finally

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular mail, together with a blank civil rights complaint; and it is finally

ORDERED that the Clerk shall administratively terminate this action and close the file on this matter.

     s/Susan D. Wigenton
**Susan D. Wigenton**
**United States District Judge**